JOURNAL ENTRY and OPINION
{¶ 1} J.A. appeals the decision of the juvenile court granting permanent custody of B.P. to the Cuyahoga County Department of Children and Family Services (CCDCFS) and J.P. to the legal custody of her maternal aunt. J.A. assigns the following as error for our review:
 {¶ 2} "The trial court committed reversible error by denying the appellant his right to counsel where the appellant's trial counsel prepared a handwritten motion as counsel at the time of the combined permanent custody hearing which the trial court did not rule on and where no evidence was produced at the hearing against the appellant."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the decision of the trial court and remand this matter for proceedings consistent with this opinion. The apposite facts follow.
 {¶ 4} During much of the custody proceedings before juvenile court, J.A. was represented by counsel. However, on the same date as the permanent custody hearing, J.A.'s attorney, citing his client's "lack of cooperation and failure to communicate with counsel," moved for permission to withdraw as [J.A.'s] counsel.
 {¶ 5} Without consenting to the attorney's withdrawal, the court held the custody hearing, which J.A. and his attorney did not attend. Thereafter, the court granted permanent custody of B.P. to the CCDCFS and legal custody of J.P. to her maternal aunt. This appeal followed.
 {¶ 6} Juv.R. 4(F) states, "An attorney or guardian ad litem may withdraw only with the consent of the court upon good cause shown."
 {¶ 7} CCDCFS concedes the juvenile court erred by proceeding despite J.A.'s lack of counsel. We agree, and determine the record before us is devoid of any indication that the juvenile court consented to J.A.'s attorney's withdrawal prior to conducting the custody hearing and granting permanent and legal custody of the children. Accordingly, J.A.'s assigned error has merit.
Judgment reversed and cause remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).